# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MOJARRO,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:15-cv-1692-BAM<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 13) |

   The Court previously ordered Plaintiff Jose Majarro to show cause why his case should not be dismissed for his failure to file an opening brief. (Doc. 13).  Plaintiff's response was due on or before October 18, 2016.  Two weeks after the deadline to file a response to the show cause order, Plaintiff filed an untimely response on November 1, 2016. (Doc. 14).

   In his response, counsel for Plaintiff states that several absences from the office caused him to get behind on his email correspondence.  Declaration of Phillip W. Gillet, Jr. ("Gillet Decl."), (Doc. 14) ¶ 4. Counsel also declares that because this is his first social security appeal, he was unaware that he needed to submit his letter brief.  Gillet Decl. ¶ 5.  He asks that the Court forgive his error and allow him to provide the Commissioner with his letter brief on November 4, 2016.  Gillet Decl. ¶ 6.

   The Court accepts Plaintiff's explanation and representations; however, the Court does not

condone counsel's failure to manage the timelines in this case. Pursuant to the scheduling order, Plaintiff's confidential letter brief was due on or before April 28, 2016.  Plaintiff's untimely confidential letter brief, not yet finished, is now over six months late.  Further, when ordered to show cause, Plaintiff filed his response two weeks late.  While short extensions of time are routinely granted to accommodate the heavy workloads common to social security practitioners, Plaintiff's delay in this case is egregious.

Plaintiff's unfamiliarity with social security cases is also of no excuse. Under the federal rules, parties in all cases, social security or otherwise, must diligently adhere to dates set by the Court.  Fed. R. Civ. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992) (scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). The Court's scheduling order outlining the due dates for the parties' submissions is quite clear.  Any failure to follow these deadlines must be accompanied by good cause and due diligence, neither of which Plaintiff has shown.

Nonetheless, in the abundance of caution, the Court's Order to Show Cause issued on October 11, 2016, is HEREBY DISCHARGED and no sanctions will be imposed at this time. However, given the lengthy delay in this action, the parties are on notice that, absent exceptional circumstances and demonstrated good cause, the Court cannot accommodate any further continuances of the briefing schedule.  Any further requests for an extension of time will be looked upon with disfavor.

IT IS SO ORDERED.

Dated:   **November 3, 2016**            /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE